**Robert A. McGWIER, husband, Plaintiff—Appellant,**

**and**

**Diane McGwier, wife, Plaintiff,**

**v.**

**MOTION INDUSTRIES, INC., a Delaware corporation, Defendant—Appellee.**

**No. 02–35883.**

**D.C. No. CV–01–00158–AAM.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2003.*

Decided Dec. 15, 2003.

Fed. R.App. P. 34(a)(2).

**214**

Paul J. Burns, Esq., Spokane, WA, for Plaintiff–Appellant/Plaintiff.

Clemens H. Barnes, Esq., Mary P. Gaston, Esq., Perkins Coie, LLP, Seattle, WA, Marty N. Martenson, Esq., Martenson Law Firm, LLP, Elyzabeth J. Jones, Esq., Martenson, Hasbrouck & Simon, LLP, Atlanta, GA, for Defendant–Appellee.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM **

Robert A. McGwier filed the underlying action alleging that Motion Industries had discriminated against him because of his depression in violation of Washington law. Motion Industries motioned for summary judgment. The district court granted this motion. McGwier appealed. Because the parties are familiar with the facts of the case, we do not recite them here. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We affirm.

In Washington, a three-year statute of limitations applies to discrimination claims such as that brought by McGwier unless the alleged discrimination was part of a continuing violation. *Washington v. Boeing Co.,* 105 Wash.App. 1, 19 P.3d 1041, 1045 (Wash.Ct.App.2000). In determining when a cause of action accrues or if discrimination is part of a continuing violation, courts consider "whether the untimely act has the degree of permanence that should have triggered the employee's awareness of discrimination and duty to assert his or her rights." *Id.* at 1046; *see also Hinman v. Yakima Sch. Dist. No. 7,* 69 Wash.App. 445, 850 P.2d 536, 539 (Wash.Ct.App.1993) (restating the general rule that "a statute of limitation commences to run when the plaintiff discovers or should discover all the essential elements of her cause of action"). The events occurring before May 17, 1998, were discrete, such that they should have prompted McGwier to assert his rights. Accordingly, those events are time-barred from being a source of liability.

Before an employer is obligated to reasonably accommodate an employee, the employee must (1) notify the employer of the need for an accommodation, (2) demonstrate that a reasonable accommodation was available to the employer at the time the employee's limitation became known, and (3) show that the accommodation was medically necessary. *Pulcino v. Fed. Express Corp.,* 141 Wash.2d 629, 9 P.3d 787, 795 (Wash.2000). McGwier has not met

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

this burden. The facts demonstrate that when McGwier returned to work after his short-term disability, he did not notify Motion Industries that he would need any accommodation and the circumstances were not such as to alert Motion Industries that an accommodation would be required.

AFFIRMED.